UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK J. WILLIAMS,

                                    Plaintiff,

        v.                                          3:10-cv-1380

GENIE INDUSTRIES, INC., NES EQUIPMENT
SERVICES CORPORATION d/b/a NES RENTALS,
and NES RENTALS HOLDINGS, INC,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NES EQUIPMENT SERVICES CORPORATION d/b/a
NEW RENTALS, and NES RENTAL HOLDINGS, INC.,

                                    Third-Party Plaintiff,

        v.

TOWN OF VESTAL,

                                    Third-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiff Patrick Williams filed a personal injury action in state court against

Defendants Genie Industries, Inc. and NES alleging damages as a consequence of Plaintiff's

use of lift equipment manufactured by Defendant Genie and rented by Defendant/Third-Party

Plaintiff NES to his employer, the Third Party Defendant Town of Vestal.  Invoking the

Court's diversity jurisdiction, Genie, with the consent of NES, removed the action to this

Court.  NES then commenced a third party action against the Town of Vestal asserting state

law claims for contractual indemnification and breach of contract. The main action was settled prior to trial, leaving only the third party claims. Presently before the Court is Third Party Plaintiff NES's motion for summary judgment pursuant to Fed. R. Civ. P. 56 on its third-party claims. Third-Party Defendant Town of Vestal opposes the motion.

The Town first opposes the motion on the ground that the Court should decline to exercise supplemental jurisdiction over the third-party claims. As noted, this matter was originally before the Court under diversity jurisdiction. Those claims having been dismissed, there must be a continuing basis for the Court to exercise jurisdiction. The Court has an independent duty to ensure subject matter jurisdiction exists. <u>Amextex Fabrics, Inc. v. Just In Materials, Inc.</u>, 140 F.3d 101, 105 (2d Cir. 1998).

There is no original jurisdiction over the third party claims because, although the parties appear to be diverse (NES apparently is a citizen of Illinois and the Town of Vestal is a citizen of New York), NES has not established an amount in controversy of at least $75,000.[1] 28 U.S.C. § 1332(a). Of course, the Court has the power to exercise supplemental jurisdiction over the third party claims pursuant to 28 U.S.C. § 1367(a). <u>Ametex Fabrics, Inc.</u>, 140 F.3d at 105. The Court also has discretion to decline to exercise supplemental

---

[1] Generally, the burden of establishing jurisdiction is on the party seeking to invoke the Court's jurisdiction. <u>Marakova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). The Town of Vestal raised the issue of jurisdiction (albeit the issue of supplemental jurisdiction; not original jurisdiction) in its papers in opposition to NES's motion for summary judgment. NES did not file reply papers addressing jurisdiction. The third-party complaint does not specify an amount at issue here or otherwise address subject matter jurisdiction, including whether it meets the $75,000 jurisdictional threshold. NES has taken the position throughout this litigation that it cannot be held liable at all on the first party claims, thereby suggesting minimal exposure with respect to the third-party claims. <u>See</u> Dkt. No. 10 at ¶ 11; NES's Stmnt. of Mat. Facts at ¶¶ 12, 13, 15. Moreover, NES was dismissed from the claim without any finding of liability against it or without the payment of any money. NES's Stmnt. of Mat. Facts at ¶¶ 21, 23. NES's claim for indemnification is limited to seeking to recoup attorneys' fees expended in defending this matter. In its statement of material facts submitted in support of the instant motion, NES seeks attorneys' fees in the amount of $35,851.40, which is less than $75,000. Accordingly, based on the current record, the Court finds that NES has failed to satisfy its burden of demonstrating that the amount in controversy exceeds $75,000 such that the Court has original jurisdiction over the third party claims.

jurisdiction when the claims over which the court had original jurisdiction have been dismissed.  Id.; 28 U.S.C. § 1367(c)(3).  Having dismissed the federal claims before trial, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in the third party action.  See Machat v. Sklar, 1997 WL 599384, at *10 (S.D.N.Y. Sept. 29, 1997).

For the foregoing reasons, NES's motion for summary judgment is DENIED and the third party claims are DISMISSED WITHOUT PREJUDICE to refiling the claim in state court. The Clerk of the Court is directed to close the file in this matter.

IT IS SO ORDERED.

Dated: August 19, 2013

Thomas J. McAvoy
Senior, U.S. District Judge